UNITED STATES BANKRUPTCY COURT
for the
DISTRICT OF MASSACHUSETTS

```
========================================
                                        *
In Re:                                  *
                                        *  Chapter 7
    PATTI-ANN BEAUCAGE,                 *  No. 05-10165-WCH
                                        *
                            Debtor      *
                                        *
========================================
                                        *
    PATTI-ANN BEAUCAGE,                 *
                                        *  Adversary Proc.
                            Plaintiff   *  No. 05-1361
                                        *
                    vs.                 *
                                        *
    UNITED STATES OF AMERICA,           *
                                        *
                            Defendant   *
                                        *
========================================
```

DECISION ON MOTION OF THE UNITED STATES TO DISMISS

Patti-Ann Beaucage ("Plaintiff") brought this adversary proceeding seeking to require the United States (Internal Revenue Service) ("IRS") to pay over a tax refund she claimed on her 2004 income tax return and to hold IRS in contempt and liable for damages and attorney fees. IRS moved to dismiss pursuant to Fed. R. Bank. P. 7012 incorporating Fed. R. Civ. P. 12(b)(6). For the reasons stated, below, the motion is Granted.

1

## Undisputed Facts[1]

Plaintiff filed her Chapter 7 petition on January 7, 2005. She listed IRS as a creditor holding unsecured nonpriority claims for the tax years 1998, 1999, and 2000. Plaintiff filed her tax return for the tax year 2004 in January, 2005. In her schedules she claimed the $1,497 expected refund of an overpayment of tax in 2004 as exempt property.[2] The time for objecting to claimed exemptions expired without any objections being filed. Plaintiff made demand on IRS for the refund and IRS declined to comply. This adversary proceeding followed.

## Standard of Review

In ruling upon a motion to dismiss, the Court must accept as true all well pleaded factual allegations of the complaint; the plaintiff must be given the benefit of all reasonable inferences, and the motion must be denied unless it appears that plaintiff can prove no set of facts in support of its claims that would entitle it to the relief sought.[3]

Since the facts are undisputed I must determine if those facts could result in a decision for Plaintiff as a matter of law.

## Arguments of the Parties

### 1. IRS

IRS contends that it is entitled to dismissal because IRS "was and is entitled to

---

[1] Plaintiff has accepted the facts relevant to my decision. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Plaintiff Memo") at 2.

[2] Plaintiff's schedules list the taxes due for the prior years at $5,452.77 plus interest and penalties.

[3] Garita Hotel Limited Partnership v. Ponce Federal Bank, 958 F.2d 15, 17 (1st Cir. 1992).

2

withhold [plaintiff's] pre-petition overpayment pending termination of the stay and thereupon to credit it to [plaintiff's] pre-petition tax liabilities", relying heavily upon the Supreme Court's *Strumpf* decision.[4]  More specifically, IRS asserts that It has a right of setoff under 11 U.S.C. § 553; that the debts are mutual and equitable considerations do not come into play and the trustee can challenge only under 11 U.S.C. § 542(b); that Plaintiff has no right of setoff because she is not entitled to the amount claimed under 26 U.S.C. § 6402(a) and *Strumpf*; that there is no stay violation because of the reasoning in *Strumpf*; that this Court has no jurisdiction since the property is claimed as exempt and hence its treatment will not affect the estate; and sovereign immunity prevents Plaintiff from recovering the refund.[5]

## 2. Plaintiff

Plaintiff points to "the tension between a debtor's right to exempt property and a creditor's right to setoff — between §§ 522 and 553 of the Bankruptcy Code" and urges me to "follow the majority rule of case law, which holds that under the circumstances present here, the government's otherwise existing right to set off an overpayment of 2004 taxes against an underpayment of prior years' taxes must yield to the debtor's right to keep exempt property."[6] To be specific she urges that the provisions of 11 U.S.C. § 553(a) are not mandatory but may be modified based upon equitable considerations; that taking together 11 U.S.C. §§ 522(h) and 522(i), Plaintiff is entitled to recover property free of any

---

[4] Memorandum of Law in Support of the United States' Motion to Dismiss ("U.S. Memo") at 2*ff*, citing Citizens Bank v. Strumpf, 516 U.S. 16 (1995).

[5] *Ibid*.

[6] Plaintiff"s Memo at 1.

3

right of setoff and exempt it; that there is no mutuality as the right to the refund arose no earlier than the filing of the return; that there is no setoff against exempt property; that the IRS reading of 26 U.S.C. § 2602(a) is erroneous and *Strumpf* is distinguishable; and that the Court does have jurisdiction.

I will address the other cases cited by the parties in the discussion which follows.

## Discussion

### 1. Setoff vs. Recoupment

To simplify the issues that I must determine, it is useful in the first instance to consider § 553(a). As applicable here it provides:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

The statute applies to setoff but not to recoupment. As to the latter, 11 U.S.C. §§ 362(a)(7) and 533 and are both inapposite.

In a recent decision,[7] I was faced with a related issue. IRS sought to apply against a corporate debtor's post-petition tax its refunds which were based upon loss carrybacks to pre-petition years. If the law affecting the transaction was recoupment, the mutuality concept would not come into play, as recoupment can cross the petition line with impunity. I held that recoupment was the appropriate controlling rule of law. I based that conclusion in part on Judge Easterbrook's opinion in *Pettibone Corp. v. United States*.[8] The Seventh

---

[7] *In re* Coastal Bus and Equip. Sales, Inc., 2005 WL 2293383 (Bankr. D. Mass. 2005) ("Coastal Bus").

[8] 34 F.3d 536 (7th Cir. 1994).

Circuit upheld the district court's ruling which permitted the netting of tax overpayments and underpayments as an accounting method and not the type of setoff or offset contemplated by the Bankruptcy Code.[9] I refer the reader to that decision for the full analysis there contained. Unfortunately for the length of this opinion, *Coastal Bus* is not controlling. As Judge Easterbrook pointed out, the position which I adopted there is appropriate for corporate taxpayers, but

> an approach based on strict separation between tax periods may work with natural persons. Unlike corporations, natural persons rarely shift tax consequences across years. When the end of the year closes the books on taxes, applying refunds from one year to debts from another more closely resembles the traditional notion of a setoff.[10]

I agree with this reasoning and hold that the present case involves setoff (if anything) and not recoupment. As a result I must address the parties' conflicting arguments regarding mutuality.

IRS recognizes that its right of setoff under 26 U.S.C. § 6402(a)[11] is subject to the mutuality requirement of 11 U.S.C. § 553(a)[12] as any other right of setoff.[13] It urges that

---

[9] *Id.* at 539 (internal quotation marks omitted).

[10] *Ibid.*

[11] "In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment. ..."

[12] "Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case. ..."

[13] U.S. Memo at 7*ff.*

5

"income tax refunds are absolutely owing on December 31 of the year in which the overpayment is made or the liability accrues," and that "the date the return is actually filed is not relevant in determining when the debt arose."[14] As a result, says IRS, mutuality exists. In support of this proposition it cites three cases, Eggemeyer,[15] Conti,[16] and Harbaugh.[17]

Plaintiff counters that the right to refund did not arise until Plaintiff had filed her return and IRS had determined its liability, citing one case, Hankerson,[18] for its reasoning rather than its holding, which Plaintiff concedes is distinguishable.[19]

Conti is directly in point. It involved a tax year ending pre-petition which resulted in a refund claim, and a tax return for that year which was filed post-petition. Judge Shelley analyzed the debtor's argument and found against her:

> The thrust of the debtor's argument against mutuality is that because the debtor did not choose to file her 1982 tax return claiming a tax refund until April 6, 1984, the IRS was under no obligation to make such a refund until that time; therefore, as a matter of law the claim was one which did not arise before the commencement of the debtor's case on August 3, 1983. The debtor cites IRC § 6407 (1982) for the proposition that the allowance of a refund and, thus, the date the obligation arose for purposes of § 553 is the date on which "the Secretary or his delegate first authorizes the scheduling of an overassessment in respect of any internal revenue tax." Id. The debtor

---

[14] Id. at 9 (internal quotes omitted).

[15] Eggemeyer v. IRS (In re Eggemeyer), 75 B.R. 20, 22 (Bankr. S.D. Ill. 1987).

[16] In re Conti, 50 B.R. 142 (Bankr. E.D. Va. 1985).

[17] Harbaugh v. United States, 1989 WL 139254 (W.D. Pa.), aff'd 902 F.2d 1560 (3rd Cir. 1990).

[18] In re Hankerson, 133 B.R. 711 (Bankr. E.D. Pa. 1991), rev'd on other grounds, 138 B.R. 473 (E.D. Pa. 1992), appeal dismissed, 146 B.R. 653 (E.D. Pa. 1992).

[19] Plaintiff's Memo at 7.

contends that the act of scheduling did not occur until the debtor filed her tax return for the tax year 1982. ...

This Court cannot agree with the debtor's argument or conclusion. The date of allowance of a tax refund pursuant to § 6407 is not the same as the date the obligation arose for purposes of § 553 of the Bankruptcy Code. This Court find that the obligation of the IRS to the debtor arose as of December 31, 1982, the end of the debtor's tax year, subject only to the debtor's filing a tax return claiming the refund within the time limitations prescribed. ...[T]his Court concludes that § 6407 does not govern the date the obligation arose for purposes of the setoff provisions of the Bankruptcy Code, and that December 31, 1982 is the date by which mutuality is to be established on the claim from the Internal Revenue Service to the debtor.[20]

*Eggemeyer* does no more than to adopt the *Conti* holding on this point.

In the bankruptcy court decision in *Harbaugh*,[21] *Conti* and decisions to the same effect were rejected in very strong language:

Under § 6407 the Debtors has [*sic*] no right to their overpayment until the Secretary's delegate authorized the scheduling of the overassessment. However, the IRS cannot determine the existence of an overpayment until a refund is claimed....To say that Debtors were entitled to a refund on December 31st when it was absolutely impossible for anyone to ascertain same, is to hold fast to Draconian absolutes in the face of reality.[22]

The district court reversed:

We have been presented with the task of determining whether 11 U.S.C. § 541 or section 6407 of the Internal Revenue Code governs when a tax refund comes into existence. The Supreme Court has determined a tax refund is within the scope of 11 U.S.C. § 541 and therefore a part of the bankruptcy estate. ...Therefore, the end of the tax year is the time when tax refunds accrue and become part of the estate. Thus, we reject the bankruptcy court's finding that the tax refund is a postpetition asset, and find

---

[20] 50 B.R. at 148.

[21] *In re* Harbaugh, 99 B.R. 671 (Bankr. W.D. Pa. 1989).

[22] 99 B.R. at 676 (citation omitted).

that the debtor's tax refund was a prepetition asset.[23]

The district court opinion was affirmed without opinion by the court of appeals.[24]

Plaintiff admits that *Hankerson* is distinguishable. It involved a preference recovery sought under 11 U.S.C. § 553(b), and not a setoff issue affecting § 553(a) as here. That case does, however, contain language which follows the bankruptcy court ruling in *Harbaugh*. Since the latter case was reversed on appeal, it affords Plaintiff little comfort.[25]

I hold that the *Conti* line of cases states the proper rule and that mutuality exists between the tax liability and the tax refund.[26] As a result, if there is no supervening principle of law or equity applicable, IRS may properly assert a right of setoff against the tax refund.

## 2. Equitable defenses to seetoff

Plaintiff urges that "the language of § 553(a) has long been construed as being permissive in nature;" that "in this district the application of setoff is permissible; a bankruptcy court may modify otherwise existing setoff rights, including those of the government, in the service of other interests, including the public interest."[27] She

---

[23] 1989 WL 139254 at *3.

[24] 902 F.2d 1560 (table) (3rd Cir. 1990). *In re* Don Connolly Const. Co., 110 B.R. 976 (Bankr. M.D. Fla. 1990) follows the bankruptcy court decision in *Harbaugh*. That case was decided about five months after the latter had been reversed by the district court but a few weeks before the court of appeals affirmed.

[25] In any event, *Hankerson* was written the year after the reversal of *Harbaugh* was affirmed by the court of appeals in its circuit and hence has dubious validity.

[26] To the same effect: In *re* Graybeal, 1993 WL 851378 (Bankr. W.D. Okla.); *In re* Thorvund-Statland, 158 B.R. 837, 838-39 (Bankr. D. Idaho 1993).

[27] Plaintiff's Memo at 4.

overstates her case.

In support of the first quoted proposition she cites *Cumberland Glass Manufacturing Co. v. DeWitt*,[28] which involved the Bankruptcy Act predecessor of § 553(a)[29] and which does in fact support her general proposition, but subject to conditions:

> The provision is permissible rather than mandatory, and does not enlarge the doctrine of set-off, and cannot be invoked in cases where the general principles of set-off would not justify it. The matter is placed within the control of the bankruptcy court, which exercises its discretion in these cases upon the general principles of equity.[30]

For the latter quoted proposition, she relies upon *In re Dartmouth House Nursing Home, Inc.*[31] a Chapter 11 case decided by Judge Gabriel. It points out the statutory limitations which affect a creditor's right to setoff, limited to the express provisions of § 553 and those of §§ 362 and 363:

> [B]ecause an application of the setoff provisions is permissive, rather than mandatory, the Bankruptcy Court has the discretion to invalidate the privilege of setoff *where setoff would frustrate a Chapter 11 debtor's ability to reorganize*. ...In enacting Section 553 Congress recognized that: "...Treatment of setoff in a reorganization case is very different than in a liquidation case. In order to accomplish a reorganization it is important that business proceed as usual for the debtor. Setoff is an interruption in the conduct of the business and may have detrimental effects on the attempted reorganization." House Report at 183.
> . . . .
> The debtor's right to use funds eligible for setoff is not absolute, however.

---

[28] 237 U.S. 447 (1915).

[29] Bankruptcy Act of 1898, § 68a.

[30] 237 U.S. at 455 (citation omitted).

[31] 24 B.R. 256 (Bankr. D. Mass. 1982), *appeal dismissed,* 30 B.R. 56 (1st Cir. BAP 1983), *vacated sub nom.* Comm. v. Dartmouth Mouse Nursing Home, Inc., 726 F.2d 26 (1st Cir. 1984). Neither appellate decision goes to the merits of the decision below.

> Like any holder of a secured claim, the Bankruptcy Court, as a court of equity, must devise means to adequately protect an entity who has an interest in property, such as a party with a statutory lien. An entity will a right to setoff is entitled to relief from the stay, unless its interest is adequately protected, as defined in Section 361.[32]

The quotations indicate the weakness of Plaintiff's position. This is not a reorganization case. No adequate protection has been offered. The equity powers of this Court do not extend to the form of relief Plaintiff seeks.

### 3. The exemption argument

Plaintiff launches several arrows to demonstrate that, since Plaintiff claimed the tax refund as exempt, she can recover that asset free of any right of setoff and exempt it. Further, she asserts that there can be no setoff against exempt property. Both arrows fail to hit the target.

*Dartmouth House Nursing Home* points out that the holder of a setoff claim is the equivalent of a secured creditor and is entitled to adequate protection of its interest, which is not affected by the Bankruptcy Code except as specifically provided. There is a close parallel between tangible property subject to a federal tax lien, held to be entitled to adequate protection by the Supreme Court in *Whiting Pools*,[33] and the refund claim which is in the hands of IRS.

All of the arguments of the parties which remain undiscussed are based upon the

---

[32] 24 B.R. at 265 (case citations omitted; emphasis added).

[33] United States v. Whiting Pools, 462 U.S. 198, 211-212 (1983) ("When property seized prior to the filing of a petition is drawn into the Chapter 11 reorganization estate, the Service's tax lien is not dissolved; nor is its status as a secured creditor destroyed. The IRS, under § 363(e), remains entitled to adequate protection for its interests, to other rights enjoyed by secured creditors, and to the specific privileges accorded tax collectors.")

10

premise that there is a fund which must be dealt with in this decision. The application of the principle just announced to the facts of this case demonstrates that there is in fact no such fund; Plaintiff is indebted to IRS for an amount in excess of the claimed refund. As a result, I need not consider the other issues raised by the parties and detailed above.

## Conclusion

The result of netting the claims of IRS and the claimed setoff is a balance in favor of IRS. There is no refund to be paid over and hence IRS is not in contempt. The motion to dismiss is well taken and an order will be entered granting it.[34]

*/s/ William C. Hillman*
William C. Hillman
United States Bankruptcy Judge

Dated: 10/25/05

---

[34] Out of an abundance of caution I note that this decision in no way affects issues regarding the application of the automatic stay to the facts of this dispute.